IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>MICHAEL BRADFORD,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S REQUEST FOR *FRANKS* HEARING<br><br><br>Case No. 1:06-CR-15 TS |

This matter comes before the Court on Defendant's Request for a Franks Hearing.[1] To qualify for a *Franks* hearing to challenge a warrant, Defendant must make a substantial preliminary showing that the affiant knew of, or recklessly disregarded, the falsity of the informant's information and, if purged of those falsities, the affidavit would not be sufficient to support a finding of probable cause.[2] If, and only if, he makes such a showing is he then entitled to a *Franks* hearing under which the court hears evidence on whether the affiant's statements

---

[1] Docket No. 18.  Defendant's request for the *Franks* hearing was made in connection with Defendant's Motion to Suppress found at the same docket number.

[2] E.g. United States v. Kennedy, 131 F.3d 1371, 1376 (10th Cir. 1997); *see also United States v. Avery*, 295 F.3d 1158, 1166 (10th Cir. 2002).

were knowingly or recklessly false.[3]

Defendant has not made the requisite substantial showing, and has even failed to allege, that the affiant knew of, or recklessly disregarded, the falsity of the informant's information. Moreover, Defendant has not shown that in the absence of any alleged falsity the affidavit would not be sufficient to support a finding of probable cause.  It is therefore

ORDERED that Defendant's Request for a *Franks* Hearing (Docket No. 18) is DENIED. The hearing on the Motion to Suppress on the other grounds asserted will proceed as scheduled.

DATED September 28, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[3]*United States v. Owens*, 882 F.2d 1493, 1498-99 (10th Cir. 1989) (following *Franks v. Delaware*, 438 US. 213, 236 (1983)).