IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL BRADFORD,<br><br>Defendant. | MEMORANDUM DECISION and ORDER DENYING MOTION FOR PRODUCTION OF WITNESS STATEMENTS (JENCKS ACT MOTION)<br><br>Case No: 1:06-CR-15 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Defendant Michael Bradford moves this court for an order compelling the government to produce witness statements.[1] Specifically, Defendant requests: (1) any written witness statement signed, adopted or approved by the witness; (2) any recording or transcription thereof, of any oral statement made by a witness and recorded contemporaneously with the making of the oral statement; and (3) any statement taken or recorded, or a transcription thereof, made by a grand jury witness.[2] Defendant purports to make this request pursuant to the Jencks Act.[3]

In this case, the government filed a Statement of Discovery Policy[4] which conforms to Rule 16 of the Federal Rules of Criminal Procedure. In conjunction with this policy statement,

---

[1] Motion Demanding Production of Witness Statements, docket no. 36, filed 3/2/07.

[2] *Id.* at 1-2.

[3] 18 U.S.C. § 3500.

[4] Docket no. 12.

the government filed two Notifications of Compliance[5] indicating that investigative reports and materials, interviews and transcripts of interviews have been provided to defense counsel pursuant to Rule 16.  Therefore, it appears that Defendant's request (2) has been fulfilled.

Turning to Defendant's requests (1) and (3), under the Jencks Act the government is not required to produce any witness statements or reports, other than the defendant's, until that "witness has testified on direct examination *in the trial of the case.*"[6]  Grand jury testimony, as requested in (3), is further protected by Rule 6(e) of the Federal Rules of Criminal Procedure which prohibits disclosure of "a matter occurring before the grand jury."[7]  "It is well established federal law that disclosure of matters occurring before the grand jury requires a showing of particularized need before a person may have access to such materials."[8]  The showing of a particularized need must be a "compelling necessity," and not simply a general need.[9]  "A general claim that inspection would be of benefit is not enough to breach grand jury secrecy."[10]

Here, Defendant's generalized request for the material to prepare for trial fails to meet the requirements of particularized need.  The court will not order the release of grand jury materials "for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful

---

[5]Docket nos. 13 and 48.

[6]18 U.S.C. § 3500(a) (Jencks Act) (emphasis added).  *See also*, Fed. R. Crim. P. 26.2.

[7]Fed. R. Crim. P. 6(e)(2).

[8]*United States v. Welch*, 201 F.R.D. 521, 524 (D. Utah 2001).

[9]*See id*. (citing *United States v. Rockwell International Corp.,* 173 F.3d 757 (10th Cir. 1999); *In re Grand Jury*, 89-2, 143 F.3d 565 (10th Cir. 1998); *In re Grand Jury*, 95-1, 118 F.3d 1433 (10th Cir. 1997)).

[10]*Id.*

information."[11]

      IT IS HEREBY ORDERED that Defendant's Motion Demanding Production of Witness Statements[12] is DENIED.

March 30, 2007.

                                             BY THE COURT:

                                             David Nuffer
                                             U.S. Magistrate Judge

---

[11]*Rockwell International Corp.,* 173 F.3d 760.

[12]Docket no. 36.